COURT OF APPEALS OF VIRGINIA

Present:  Judges Fitzpatrick, Overton and Senior Judge Duff
Argued at Alexandria, Virginia


JOSEPH CHARLES SKLEPOVICH
                                        MEMORANDUM OPINION[*] BY
v.        Record No. 1395-96-4        JUDGE NELSON T. OVERTON
                                             JUNE 3, 1997
COMMONWEALTH OF VIRGINIA

              FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                        Alfred D. Swersky, Judge

            Katherine Dimmick Carlo (James M. Lowe;
            Lowe & Carlo, on brief), for appellant.

            John K. Byrum, Jr., Assistant Attorney
            General (James S. Gilmore, III, Attorney
            General, on brief), for appellee.


     Joseph Charles Sklepovich appeals his conviction of driving

after having been declared an habitual offender, contending that

the Circuit Court of the City of Alexandria had no jurisdiction

to try him for that offense.  For the following reasons, we

affirm.

     The parties are fully conversant with the record in the

cause, and because this memorandum opinion carries no

precedential value, no recitation of the facts is necessary.

     The circuit court had adjudicated Sklepovich an habitual

offender in 1990.  In 1993 it entered an order that granted him a

restricted license and recited, on its face, that his privilege

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not

designated for publication.

to drive had been suspended for twelve months.  Two months later, the Department of Motor Vehicles, for reasons wholly unexplainable, issued Sklepovich an unrestricted license.  In 1995, with the unrestricted license issued to him and after twelve months from the entry of the court order, Sklepovich was arrested for driving while under the influence of alcohol and driving after having been declared an habitual offender.

On appeal, Sklepovich argues that when the 1993 court order suspending his driving privileges for twelve months expired, his driving privileges were fully restored.[1]  The court, he reasons, therefore could not try him for driving after having been declared an habitual offender.  We disagree.

We need not interpret the 1993 order to determine whether it restores Sklepovich's driving privileges after the stated twelve month suspension period.  Even were the order to attempt to do so, the circuit court had no authority to fully restore Sklepovich's driving privileges in 1993.  Code § 46.2-356 provides that

> [n]o license to drive motor vehicles in
> Virginia shall be issued to an habitual
> offender (i) for a period of ten years from
> the date of any final order of a court
> entered under this article or if no such
> order was entered then the notice of the
> determination by the Commissioner finding the

---

[1]We decline to address whether Sklepovich had adequate notice of the restrictions imposed upon him at the time of his offense, as this issue is not before the Court on appeal.

person to be an habitual offender and (ii) until the privilege of the person to drive a motor vehicle in the Commonwealth has been restored by an order of a court entered in a proceeding as provided in this article.

Having been declared an habitual offender in 1990, ten years had not elapsed by 1993. The Code allows an habitual offender to petition for a full restoration of driving privileges after five years. Code § 46.2-360(1). Nowhere, however, is a court given authority to fully restore driving privileges before five years after the date of adjudication as an habitual offender.

In 1995, Sklepovich maintained his status as an habitual offender. The circuit court thus had the jurisdiction to try and convict him of driving after having been declared an habitual offender.

Affirmed.